UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN RHONE,

        Plaintiff,

v.

A.T.A. MEAT COMPANY, INC.,
LOUI JABR,

        Defendants.

_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JOHN RHONE ("Rhone"), brings this action against Defendants, A.T.A. MEAT COMPANY, INC. ("A.T.A. Meat Company") and LOUI JABR ("Jabr"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Rhone was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, A.T.A. Meat Company was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Jabr is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of A.T.A. Meat Company, ran the day-to-day operations and had operational control over A.T.A. Meat Company, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Rhone.

5. A.T.A. Meat Company's business involves meat processing and wholesaling.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, A.T.A. Meat Company's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. A.T.A. Meat Company was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Rhone worked for Defendants as a meat cutter.

10. Defendants failed to pay Rhone's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Rhone's legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Rhone's claims. These amounts may change as Rhone engages in the discovery process.

13. Rhone retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

                                                                 Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791