# SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

A.T.A. MEAT COMPANY, INC. including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, and LOUI JABR including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and JOHN RHONE including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1.  **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of ***Rhone v. A.T.A. Meat Company, Inc. et al***, Case No. 22-cv-61467, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

*John Rhone*

**EXHIBIT A**

2. **Payment.** Defendants agree to pay John Rhone $3,000.00 via check made payable to "John Rhone". Half of this amount represents wages, and the other half represents liquidated damages. Additionally, Defendants agree to pay Koz Law, P.A. $5,515.00 via check made payable to "Koz Law, P.A." as Plaintiff's fees and costs. All payments shall be delivered to Koz Law, P.A., 800 East Cypress Creek Road Suite 421, Fort Lauderdale, FL 33334 within 10 days of the Court's approval of this Agreement. The parties agree that these payments are fair, reasonable, and a fair and reasonable compromise of disputed claims.

3. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of Plaintiff's spouse, counsel, accountants, lenders, and Defendants' spouse, counsel, accountants, or pursuant to a subpoena, to enforce this Agreement, or to submit to the Court for review and approval of the Parties' settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and Defendants' counsel. The Parties agree that the Court may sever this provision of the Agreement if the Court determines that it is invalid or unenforceable and that the remaining terms and provisions of this Agreement shall remain enforceable.

4. **Indemnification.** The Parties agree that they are responsible for their respective tax liability properly incurred because of the payments made pursuant to this Agreement.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non-Disparaging Remarks.** The Parties agree that they will not disparage each other by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide dates of employment, positions held, and rates of pay.

7. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the same county as where the Litigation took place. The Agreement is governed by the substantive law of the State of Florida.

8. **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiff's counsel of a fully executed copy of this Agreement, Plaintiff's Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted in this Litigation conditioned on the Court retaining jurisdiction to enforce the terms of this Agreement.

9. **Severability.** Except for section 2 above, if one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law. The Parties agree that section 2 of this Agreement shall not be severable.

*John Rhone*

**EXHIBIT A**

**10.** **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter.

**11.** **Enforcement.** In the event any action is commenced to enforce said Agreement, the prevailing party shall be entitled to reasonable fees and costs including fees and costs incurred during post-judgment collections.

**12.** **Voluntariness.** Plaintiff certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

**13.** **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

JOHN RHONE

By: *John Rhone*
JOHN RHONE

Date: 11 / 01 / 2022

A.T.A. MEAT COMPANY, INC.

By: _(signature)_

Printed Name: A.T.A. Meat Compa

Title: President

Date: 11 / 01 / 2022

LOUI JABR

By: _(signature)_
LOUI JABR

Date: 11 / 01 / 2022

**EXHIBIT A**